The People of Puerto Rico, Plaintiff and Appellee, *v.*
Raimundo Díaz Ocasio, Defendant and Appellant.

No. 7478.   Argued November 8, 1939.—Decided November 17, 1939.

*José L. Novas* for appellant.   *R. A. Gómez, Prosecuting Attorney,*
and *Luis Janer, Assistant Prosecuting Attorney,* for The People,
appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Defendant demurred to an information for alleged viola-
tion of Section 7 of "An Act to Regulate the Sale of Fire-
arms in Puerto Rico; to Order their Declaration, However
they may be possessed; to Prohibit the Delivery Thereof to
Certain Persons; to Impose Penalties, and for other pur-
poses," approved July 8, 1936 (Third Special Session Laws,
128).   The overruling of this demurrer is assigned as error.

The information charged that in a certain ward of Guay-
nabo, within the judicial district of Bayamón, defendant un-
lawfully and wilfully had in his possession a Smith revolver,
without having declared the same in writing to the Chief
of Police of Guaynabo.   It did not charge that defendant
lived in Guaynabo.

Section 10 of the act makes a violation of the pro-
visions thereof a misdemeanor.   Section 7 makes it the duty
of every person who for any reason had any firearm in his

possession when the act took effect, and of every person obtaining in any manner the control or possession of any firearm after the act took effect "so to declare, in writing, to the Chief of the Insular Police of the district where he resides." The written declaration must be in the form of an affidavit in duplicate. This affidavit must contain the full name, address, occupation, and color of the affiant and must bear his signature or his thumb marks, if he does not know how to sign. It must also disclose the caliber, kind, model and factory number of the firearm. "If the firearm has no factory number or such number is illegible, the possessor shall have his full name engraved on the steel of the back part of the butt of the firearm, stating this fact in his affidavit."

The requirement that the declaration shall be made to the Insular Police Chief of the district where the possessor of the weapon resides is not a mere permissive provision intended for the convenience of such possessor. It is explained in part at least by the further requirement as to what the affidavit must contain. One self evident purpose of the two requirements, taken together, was the complete identification of the affiant as well as the complete identification of the firearm possessed by him. Moreover, the facts necessary for such identification were to be made known at the very moment of the declaration to the Insular Chief of Police of the district where the possessor of the firearm resided, not indirectly, in due course of time, after the communication of those facts to the chief of some other district and by him to police headquarters in San Juan. The legislature may or may not have had in mind the possibility that if the possessor of a firearm were obliged merely to make his declaration before any district chief of police, the various district attorneys, instead of being required to charge and prove that the defendant in a given case had not made his declaration to one district chief, might be required to charge

and prove that such defendant had not made his declaration to anyone of some fifty or sixty district chiefs.

Section 7 of the law might have been worded differently; but its phraseology—as far as it relates to the question now before us—is perfectly clear. An averment that the possessor of a firearm resides in a certain town or police district is not the negation of a statutory exception. It is a positive averment. Sections 7 and 10 do not define an offense and create an exception. The requirement of Section 7 is that the possessor of a firearm shall declare it to the chief of police of the district where he resides. He is not required to declare it to the chief of police of any other district. The possessor of a firearm in any given district, unless he resides in that district, is under no obligation to make his declaration to the chief of police of that district. A failure to do so is not an offense. The wilful and unlawful possession of a firearm within a municipality or police district, without the same having been declared to the chief of police of such district, does not amount to a violation of Section 7, unless the possessor be a resident of the district. Residence is an essential element of the offense.

The statement that a defendant unlawfully and wilfully had in his possession within a certain municipality a firearm without having declared the same in writing to the local district chief of police, does not necessarily imply that defendant resided in that municipality. Hence, such residence must be charged and proved by the prosecution, just as any other essential element of the offense must be charged and proved.

The information did not state an offense. The demurrer should have been sustained.

The writer's first impression of the instant case as above set forth was submitted to the court together with an opinion of the Circuit Court of Appeals of the Tenth Circuit in *Crapo* v. *United States,* 100 Fed. (2d) 996, to which the

attention of the writer had been called while the memorandum was being transcribed or translated. A rehearing was ordered and the case has been reargued and resubmitted in the light of the Crapo case. After further consideration we are unable to say that the judgment of the district court in the instant case should be affirmed upon the authority of *Crapo* v. *United States*.

If the information in the instant case had charged that in a certain ward of Guaynabo, within the judicial district of Bayamón, defendant unlawfully and wilfully had in his possession a Smith revolver, without having declared the same in writing to any district chief of police in the Island of Puerto Rico, it might be well enough to say that an offense was sufficiently stated not because residence in a particular district "is merely a collateral fact which determines the proper place of registration" but because possession of a firearm without having registered it in any district necessarily includes failure to register it in the district where defendant resides. Where, however, the information alleges possession without registration in one specified district only, the prosecution should be required to allege and prove residence in that district.

In the instant case there was nothing to show that defendant resided within the police district of Guaynabo, unless the possession of a firearm which had not been registered in that district be sufficient to establish such residence. If residence in a particular district as an essential element of a statutory offense could be established by inference from the mere possession in that district of a firearm which has not been registered therein, the presumption of innocence would be to that extent destroyed in cases of this kind.

The judgment appealed from must be reversed.